UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ERIC DISTEFANO and SARA
DISTEFANO,

        Plaintiffs,

vs.                                          No.

ALLSTATE INSURANCE COMPANY,
and JOSE CORNEJO,

        Defendants.

## NOTICE OF REMOVAL

Defendant Allstate Insurance Company hereby removes the above-captioned action from the First Judicial District Court of New Mexico, in Santa Fe County, Case Number D-0101-CV-2009-02728, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1332 and 1441(a). In support of this Notice of Removal, Allstate states as follows:

**I.**     **THE COMPLAINT AND STATUS OF PROCEEDINGS IN STATE COURT.**

On August 20, 2009, Plaintiffs Eric DiStefano and Sara DiStefano filed their "Complaint for Breach of Insurance Contract, for Bad Faith Failure to Pay a First Party Claim, Bad Faith Failure to Conduct a Good Faith Investigation, and for Violation of the New Mexico Insurance Trade Practices and Frauds Act" in New Mexico State Court, naming Allstate and Jose Cornejo as defendants. A copy of the Complaint is attached to this Notice as Exhibit A.

On August 25, 2009, counsel for Plaintiffs provided attorney Ann Keith with a courtesy copy of the Complaint and asked whether she would agree to accept service on

behalf of Allstate or Jose Cornejo.  *See* Exhibit B attached hereto.  On September 14, 2009, attorney Stephen Simone wrote to counsel for Plaintiffs, stating that he was authorized to accept service of process, agreeing to accept service of process on behalf of both defendants, and proposing September 18, 2009 as the "agreed" service date.  *See* Exhibit C.

Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within thirty (30) days of the date of service.

No responsive pleadings to the Complaint have been filed in the state court action.

Allstate files this Notice of Removal with this Court, and is filing a copy of the Notice of Removal in the First Judicial District Court of the State of New Mexico and serving a copy upon counsel for Plaintiffs, pursuant to 28 U.S.C. § 1446(d).

## II.     BASIS FOR JURISDICTION UNDER 28 U.S.C. §§ 1332(a) AND 1441.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Allstate, and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.  This action, therefore, may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a).

### A.    The Citizenship of the Parties Is Completely Diverse.

According to the allegations of the Complaint, Plaintiffs are citizen of New Mexico.  (Compl. ¶ 1.)

Allstate Indemnity Company is the company that actually issued the homeowners policy attached to Plaintiffs' Complaint.  Both Allstate Indemnity Company, the proper party to this lawsuit, and Allstate Insurance Company, the entity incorrectly named as a defendant in this case, are Illinois corporations with their principal places of business in Illinois.  Allstate is thus a citizen of the state of Illinois for diversity purposes.  *See* 28 U.S.C. § 1332 (c)(1).

Therefore, the controversy between the plaintiff and Allstate is between citizens of different states.

The remaining defendant, Jose Cornejo, has not been properly joined as a party to Plaintiffs' claims against Allstate because Plaintiffs have no valid cause of action against him.  Courts in the Tenth Circuit have long held that joinder of a party against whom no cause of action exists is "fraudulent" and will not bar removal of the case to Federal Court.  *See Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964) ("[J]oinder is similarly fraudulent if in fact no cause of action exists."); *Couch v. Astec Industries, Inc.*, 71 F. Supp. 2d 1145, 1147 (D.N.M. 1999) (noting that fraudulent joinder occurs "where a plaintiff cannot plead a cause of action against the non-diverse defendant").

Plaintiffs allege, correctly, that Jose Cornejo is a New Mexico resident and the Market Claims Manager for Allstate's Albuquerque Market Claims Office.  (Compl. ¶ 11.  Plaintiffs incorrectly allege, however, that Jose Cornejo "is the person ultimately and directly responsible for the implementation and enforcement of … claim handling/investigation practices and procedures and protocols used by Allstate employees handling all New Mexico AIC [Allstate Indemnity Company] homeowner claims arising under AIC homeowner policies issued in New Mexico.  (Compl. ¶ 12.)   In fact, as documented in the Affidavit of Jose Cornejo, attached hereto as Exhibit D, Plaintiffs' claim under their Allstate Homeowners Policy has never been adjusted by the New Mexico Market Claims Office.  Affidavit of Jose Cornejo, ¶ 4, Exh. D.

Instead, Plaintiffs' homeowners claim has at all times been adjusted from the Claims Western Frontier office in Mesa, Arizona.  Affidavit of David Cortez, attached hereto as Exhibit E.  And Plaintiffs are well aware of that fact, since as soon as five days after they reported their claim, they were contacted by that office and informed of their claim process responsibilities.  *See* Letter from Claims Western Frontier office in Mesa, Arizona to Plaintiffs dated March 30, 2009, attached as Exhibit 3 to Plaintiffs' Complaint.  *See also* other correspondence between Plaintiffs' counsel and Allstate adjusters in Mesa, Arizona, attached hereto as Exhibit F.

3

Thus, Plaintiffs have fraudulently joined Jose Cornejo, a New Mexico resident, as a defendant in this lawsuit, in order to defeat this Court's diversity jurisdiction. Courts have found fraudulent joinder "[w]here the plaintiff's pleading of jurisdictional facts is outright fraudulent." *Couch*, 71 F. Supp. at 1147. For example, in *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879 (10th Cir. 1967), a plaintiff joined a diverse employer and a non-diverse employee in a lawsuit. The Tenth Circuit found that the plaintiff had fraudulently joined the non-diverse employee to defeat diversity, when it came to light that the employee had terminated his employment fifteen months prior to the time that that plaintiff alleged he acted negligently on behalf of his employer. The Court so held because his non-liability was established and "continued joinder serve[d] only to frustrate federal jurisdiction." *Id.* at 882.

Likewise, in this case, Plaintiffs purport to seek recovery against Defendant Cornejo on the grounds that Mr. Cornejo was the Market Claims Manager of the Albuquerque Allstate Market Claims Office responsible for adjusting Plaintiffs' homeowners claim. (Compl. ¶ 12.) In fact, however, since Plaintiffs' homeowners claim was at all times adjusted out of Mesa, Arizona, Mr. Cornejo's status as Market Claims Manager for the Albuquerque Market Claims Office is wholly irrelevant to the adjustment of Plaintiff's claim. (Exhibits D and E, Cornejo Affidavit, Cortez Affidavit.)

Furthermore, Plaintiff *knew* that their claim was not adjusted in the Albuquerque Market Claims Office before filing this lawsuit. Indeed, Exhibit 3 to their own Complaint makes that clear.

Since Defendant Cornejo had no responsibilities with respect to the adjustment of Plaintiffs' homeowners claim, as alleged in the Complaint, all claims against him are fraudulent. Thus, his continued joinder serves no purpose other than to improperly frustrate federal jurisdiction.

### B. The Amount in Controversy Exceeds $75,000.

Additionally, the amount in controversy exceeds the sum or value of $75,000 required to confer jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a).

While Plaintiffs do not state the dollar amount in controversy on the face of their Complaint, the amount that they have placed in controversy plainly exceeds $75,000. Although allegations in the Complaint may be sufficient to establish the amount in controversy for diversity-jurisdiction purposes, district courts are not confined to the Complaint and may rely on other evidence as well. *McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008).

The Court in *McPhail* explained that the defendant has the initial burden to establish, by a preponderance of the evidence, "jurisdictional *facts* that ma[k]e it *possible* that $75,000 [i]s in play." *Id.* at 956 (emphasis added). If the defendant makes such a showing, then "the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Id*. (citing *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)). "If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id*.

In this case, Plaintiffs seek at least four categories of damages: (1) compensation for "pecuniary losses" apparently consisting of various items of personal property allegedly stolen, which they valued at $21,164.95 (Compl. ¶¶ 62, 70, 79, 80); and (2) compensation for unspecified "non-pecuniary losses" (Compl. ¶¶ 70, 79, 80); and (3) punitive damages (Compl., ¶¶ 71, 81, 87); and (4) attorneys' fees in this litigation (Compl., ¶ 85). With respect to attorneys' fees, Plaintiffs' counsel routinely values his time, for fee request purposes, at the extraordinary rate of $500 an hour. *See* Affidavit of David J. Berardinelli submitted in another case, ¶ 10, attached hereto as Exhibit G.

Considered together, these alleged damages easily establish that Plaintiffs seek to "put in play" an amount well in excess of $75,000. Therefore, unless Plaintiffs can show

that there is a legal certainty that less than $75,000 is at stake, Allstate has satisfied the jurisdictional amount threshold.

In the alternative, *McPhail* held that a defendant may "ask the court to wait to rule on the remand motion until limited discovery has been completed" to give the defendant an opportunity to gather evidence as to the amount in controversy. *Id*. at 954. Therefore, if the Court does not find the amount in controversy sufficiently established by this Notice, Allstate requests the opportunity to conduct limited discovery to determine the value of Plaintiffs' claim – discovery regarding, for example, the amount of Plaintiffs' claimed "non-pecuniary damages" as well as the amount of punitive damages that Plaintiffs assert or believe they are entitled to.

To the extent the consent of Jose Cornejo, the fraudulently joined defendant, is required for this removal, Jose Cornejo consents to the removal of this action to this Court.

WHEREFORE, Defendant Allstate requests that this Court assume full jurisdiction over this case as provided by law.

           MODRALL, SPERLING, ROEHL, HARRIS
            & SISK, P.A.


        By: */s/ Jennifer A. Noya*
          Lisa Mann
          Jennifer A. Noya
          Post Office Box 2168
          Bank of America Centre
          500 Fourth Street NW, Suite 1000
          Albuquerque, New Mexico  87103-2168
          Telephone: 505.848.1800

        Attorneys for Removing Defendant

WE HEREBY CERTIFY that on this 15th day of October, 2009, we filed the foregoing electronically through the CM/ECF system, which cause the following parties or counsel to be served by electronic mean, as per the Notice of Electronic Filing and was also sent via U.S. Mail to:

>David J. Berardinelli
>David J. Berardinelli, LLC
>Post Office Box 1944
>Santa Fe, New Mexico 87504-1944
>
>Attorneys for Plaintiff

MODRALL, SPERLING, ROEHL, HARRIS
  & SISK, P.A.

By: */s/ Jennifer A. Noya*
      Jennifer A. Noya

*K:\DOX\CLIENT\11355\322\W1058363.DOCX*