# AFFIDAVIT OF DAVID J. BERARDINELLI, ESQ.

STATE OF NEW MEXICO  )
                     ) ss.
COUNTY OF SANTA FE   )

COMES NOW DAVID J. BERARDINELLI, and, first being duly put under oath, does state:

1. Affiant received his J.D., *cum laude*, from Santa Clara University Law School in May 1974. Affiant was admitted to the Bar of New Mexico on October 9, 1974, and has practiced in Santa Fe, New Mexico, as a trial attorney since that time. Affiant has remained a member of the New Mexico Bar in good standing since 1974 and has never been suspended or disciplined by the New Mexico Bar Association. All of the statements made in this Affidavit are based on Affiant's personal knowledge.

2. Affiant is a member of the Board of Directors for the New Mexico Trial Lawyers' Association, a Governor on the Board of Governors for the Western Trial Lawyers' Association, a member of the American Academy of Trial Advocacy, a member of the American Association for Justice, a present Editor for New Mexico Trial Lawyer Journal, past Chairman of the New Mexico Supreme Court Rules of Evidence Committee, and has an "AV" Martindale Hubbell rating.

3. For the past 30 years, Affiant has devoted his practice primarily to personal injury and insurance law litigation. Affiant has tried numerous insurance coverage and bad faith cases and written numerous appeals on insurance coverage and bad faith issues. *See e.g.*, *Hovet v. Allstate Ins. Co.*, 2004-NMCA-10, 135 N.M. 397, 89 P.3d 69; *McMillan v. Allstate Indem. Co.*, 2004-NMSC-002, 135 N.M. 17, 84 P.3d 65; *Martinez v. Reid*, 2002-NMSC-015, 132 N.M. 237, 46 P.3d 1237; *Phoenix Indem. Ins. Co. v. Pulis*, 2000-NMSC-023, 129 N.M. 395, 9 P.3d 639; *Loya v. State Farm Mut. Ins. Co.*, 119 N.M. 1, 888 P.2d 447 (1994); *Jaramillo v. Providence Washington Ins. Co.*, 117 N.M. 337, 871 P.2d 1343 (1994); *Vigil v. California Cas. Ins. Co.*, 112 N.M. 67, 811 P.2d 565 (1991); *Guaranty Nat. Ins. Co. v. C de Baca*, 120 N.M.

BERARDINELLI
Law Firm


EXHIBIT G

806, 907 P.2d 210 (Ct.App.1995); *Allstate Ins. Co. v. Pincheira, et. al.*, 2004-NMCA-30, 135 N.M. 220, 86 P.3d 645; *King v. Allstate Ins. Co.*, 2004-NMCA-031, 135 N.M. 206, 86 P.3d 631; *Sanchez ex rel. Sanchez v. Kirby*, 2002-NMCA-017, 131 N.M. 565, 40 P.3d 1009; *Hovet v. Lujan*, 2003-NMCA-061, 133 N.M. 611, 66 P.3d 980; *Rehders v. Allstate Insurance Co.*, 2006-NMCA-058, 139 N.M. 536, 135 P.3d 237 (settled after certiorari granted); *Brooks v. State Farm Mut. Auto. Ins. Co.*, 2007-NMCA-033, 141 N.M. 322, 154 P.3d 697; *Pincheira, et al., v. Allstate Ins. Co., et al.*, 2007-NMCA-094, 142 N.M. 283, 164 P.3d 982 (certiorari granted and Supreme Court opinion pending). Affiant has also appeared or assisted as co-counsel in numerous out-of-state bad faith and insurance law cases.

4. Affiant has made over 30 CLE presentations on evidence, insurance law, UM/UIM coverage, medical payments coverage issues and the impact of the McKinsey consulting firm's influence in the casualty insurance industry within the past 10 years. Within the past five years, Affiant has also made, or will make, CLE presentations specifically on insurance bad faith litigation issues as the featured speaker to the South Dakota Trial Lawyers Association [May 2006], the Montana Trial Lawyers Association [February 2007], the Louisiana Trial Lawyers Association [May 2007], the Washington State Trial Lawyers Association [September 2007], the 2007 National AAJ Convention in Chicago [July 2007], the 2008 AAJ National Convention meeting of the Bad Faith Litigation Group [July 2008], the AAJ National Teleconference CLE on Disclosure of McKinsey Slides by Allstate [May 2008], the Wyoming Trial Lawyers Association [June 2008], the Missouri Trial Lawyers Association [June 2008], Montana Trial Lawyers Association [August 2008], the Minnesota Trial Lawyers Association [August 2008], and the Utah Trial Lawyers Association [September 2008].

6. In addition, Affiant has published lead articles in the New Mexico Trial Lawyer's Journal on issues of insurance law and UM/UIM coverage. *See* D. J. Berardinelli, *Stacking Uninsured Motorist Coverages In Commercial Auto Policies*, New Mexico Trial Lawyer, Issue July-August, 1996, at 1; D. J. Berardinelli, *Direct Actions After Raskob: Brave New World or Business as Usual?*, 27-1 NMTLJ 1 (1999); D. J. Berardinelli, *Bad Faith Claims Handling Practices: Does No Harm Mean No Foul?*, 27-4 NMTLJ 1 (1999); D. J. Berardinelli,

*Maximizing Recovery: Medical Payments And Equitable Subrogation After Gutierrez v. City of Albuquerque*, 28-1 NMTLJ 1 (2000); D. J. Berardinelli, *Bad Faith And UM Coverage: When Are UM Benefits Due And Payable?*, 28-2 NMTLJ 1 (2000); D. J. Berardinelli, *Clash Of The Titans: Class-One UM Coverage Versus The Driver Exclusion*, 30 NMTLJ 125 (2000); *Hovet v. Allstate: A Long Time Coming—The New "Rules of the Road" For Liability Insurers*, 36-2 NMTLJ 57 (2004); D. J. Berardinelli, *False Promises—Allstate, McKinsey and the Zero Sum Game*, 35-4 NMTLJ 93 (2005) (also re-printed with permission in Arizona, Montana, West Virginia, California, Ohio). In addition, Affiant is the author of two articles published in Trial Magazine, the national magazine of the American Association for Justice [formerly the American Trial Lawyers Association]. *See* D. J. Berardinelli, *An Insurer In The Grip Of Greed*, 43-7 Trial (July 2007); D. J. Berardinelli, *How The McKinsey Slides Went Public*, 43-7 Trial (July 2007). Affiant is also an author of an insurance practices legal treatise entitled D. J. Berardinelli, et al., *From Good Hands to Boxing Gloves—How Allstate Changed Casualty Insurance In America* (Trial Guides 2006). Affiant is also the sole author of an informational book on casualty insurance for policyholders entitled D. J. Berardinelli, *From Good Hands To Boxing Gloves—The Dark Side of Insurance* (Trial Guides 2008).

7. Affiant has also been counsel of record in approximately 15 institutional bad faith cases involving Allstate Insurance Company. These bad faith cases generally involve claims concerning Allstate's adoption and use of its CCPR ["Claim Core Process Redesign"] claims handling system. Among those cases, Affiant is the lead counsel in *Pincheira, et. al. v. Allstate Insurance Company, et. al.*, D-0101-CV-2000-2894 and *Allstate Ins. Co. v. Pincheira, et. al.*, 2004-NMCA-30, 135 N.M. 220, 86 P.3d 645; *King v. Allstate Ins. Co.*, SF 97-3008(C) and *King v. Allstate Ins. Co.*, 2004-NMCA-031, 135 N.M. 206, 86 P.3d 631; *Arellano v. Allstate Ins. Co., et. al.*, D-0101-CV-99-00173 ["Arellano"]; *Holladay v. Allstate Ins. Co.*, D-0101-CV-2001-00103, *Allstate Ins. Co. v. Holladay*, Ct. App. No. 23,382; *Blanks v. Allstate Insurance Company, et al.*, D-0101-CV-2000-0852; *Armijo v. Allstate Indem. Co.*, D-0101-CV-2002-0318; *Martinez, et al. v. Allstate Ins. Co., et al.*, D-0101-CV-2004-0963 (class action); *Durham et al. v. Allstate Ins. Co. et al.*, D-0101-CV-2004-0208. Affiant has also been co-counsel in

out-of-state cases involving Allstate bad faith practices including: *Randall et al v. Allstate Insurance Company*, No. 06-CV-1053 (E.D.La.); *Andrew & Audrey Williams v. Allstate Insurance Company*, No. 2:06-CV-10714 (E.D.La.); *Cynthia Walker and Rodney Jackson v. Allstate Insurance Company*, No. 2:06-CV-10490 (E.D.La.); *Jessica & Clement Martinez IV v. Allstate Insurance Company*, 25th JDC 53-785 (La. State Dist. Court); *Delatte v. Allstate Insurance Company*, 06-CV-04273 (E.D.La.); *Majoue v. Allstate Insurance Company*, 06-CV-04271 (E.D.La.).

8. As a result of his own research and participation in these numerous "CCPR" institutional bad faith cases against Allstate, Affiant is recognized as a leading national authority and specialist in the areas of bad faith discovery and litigation of institutional bad faith cases, including the "radically" new claim handling and litigation business systems, tactics and protocols designed by international corporate advisor McKinsey & Company for casualty insurance industry from the mid 1980's through the present, as shown in the attached affidavits of various nationally known bad faith litigation counsel and recognized law school insurance law professor-experts. *See* Exhibit 1, Affidavit of William "Chip" Merlin, Esq., attached; Exhibit 2, Affidavit of Michael J. McKeon, Esq., attached; Exhibit 3, Affidavit of Karen Koehler, Esq., attached; Exhibit 4, Affidavit of Robert Hommell, Esq., attached; Exhibit 5, Affidavit of Michael Abourezk, Esq., attached; Exhibit 6, Affidavit of Neil O'Donnell, Esq., attached; Exhibit 7, Affidavit of Paul Miniclier, Esq., attached; Exhibit 8, Affidavit of Professor Jay Feinman, Distinguished Professor of Law at Rutgers, School of Law at Camden, attached; Exhibit 9, Affidavit of Professor Jon Van Patten, Professor of Law at the University of South Dakota School of Law, attached; Exhibit 10, Affidavit of John A. Denenea, Jr., attached; Exhibit 11, Declaration of Jerry A. Ramsey attached; and Exhibit 12, Affidavit of Joseph Crumley, attached.

9. Based on the national impact of Affiant's research, writings and litigation regarding insurance and their use by attorneys nationwide, Affiant believes that a reasonable hourly rate, based on national standards for similar work, for Affiant's professional time would be $500 per hour based on the risk of contingency work and the time value inherent in delayed

payment. Affiant believes this rate is also similar to the hourly rates charged by insurance defense lawyers from national firms engaged in defending major insurers such as Allstate in institutional bad faith claims of the type Affiant is prosecuting in New Mexico, as reflected in the attached supporting affidavits.

10. Affiant has recorded the amount of time spent specifically in this litigation in prosecuting discovery of the McKinsey Slides and other McKinsey related discovery. In support of Affiant's request for attorney fees for time spent litigating these discovery issues, Affiant submits, as part of this Affidavit, the attached spreadsheet showing by date, hours expended and matters worked on, the number of hours expended solely in pursuing these discovery issues. *See* Exhibit 13, attached. As shown, these hours total 915.20 hours to date. At an hourly rate of $500 per hour, this would amount to a total $457,600, plus applicable New Mexico Gross Receipts Tax of $36,322. In addition, Plaintiffs have incurred costs of $6,221.77 in pursuing the litigation of this matter which should also be awarded.

FURTHER AFFIANT sayeth naught.

_____
DAVID J. BERARDINELLI

SWORN AND SUBSCRIBED to before me by DAVID J. BERARDINELLI this 24th day of July, 2008.

_____
NOTARY PUBLIC

My Commission Expires:

01-11-11


OFFICIAL SEAL
Renea Gray
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 01-11-2011

BERARDINELLI
Law Firm