UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ERIC DISTEFANO and SARA
DISTEFANO,

    Plaintiffs,

  vs.            No. 09-CV-00995 BB/RHS

ALLSTATE INSURANCE COMPANY,
and JOSE CORNEJO,

    Defendants.

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Plaintiffs' Motion to Remand is based on their unsupported mischaracterization of

Defendant Jose Cornejo's ("Mr. Cornejo") responsibilities as an Allstate Market Claims

Manager in the Albuquerque Market Claims Office.  While Plaintiffs go to great lengths to

complicate the issues and to expand Mr. Cornejo's responsibilities in an attempt to avoid

remand, the truth is simple; as a factual matter, Mr. Cornejo had no involvement or

responsibilities with respect to the adjustment of Plaintiffs' homeowner claim.  Plaintiffs ask the

Court to determine that a party is properly joined merely because he is an employee of a

company who is a proper party.  Such a determination would improperly limit the jurisdiction of

this Court and would go against sound principles of law.  It is clear that Plaintiffs do not have a

good faith factual basis to bring a claim against Mr. Cornejo and thus that he was fraudulently

joined.  Additionally, Plaintiffs attempt to avoid federal jurisdiction by merely stating in their

Motion to Remand that they judicially stipulate that they are seeking less than $75,000.  Such a

statement, however, is insufficient to meet the Tenth Circuit's requirements that Plaintiffs prove

by a legal certainty that less than $75,000 is in controversy.  Thus, because Plaintiffs cannot state

a claim against Mr. Cornejo and because they fail to prove to a legal certainty that less than

$75,000 is in controversy, diversity jurisdiction is present and the Motion to Remand should be

denied.

> **I.    Diversity Jurisdiction is Present Because Mr. Cornejo was Improperly Joined as a Defendant in this Action.**

The United States Supreme Court has instructed that the right of removal "cannot be

defeated by a fraudulent joinder of a resident defendant having no real connection with the

controversy.  If in such a case a resident defendant is joined, the joinder, although fair upon its

face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent a

removal." *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921)(internal citations

omitted).  Where the Court finds fraudulent or improper joinder, the district court may deny the

motion to remand and uphold diversity jurisdiction.  *See Smoot v. Chicago, R.I. & P.R. Co.,* 378

F.2d 879, 882 (10th Cir. 1967)(describing fraudulent joinder as either "the joinder of a resident

defendant against whom no cause of action is stated" or where "a cause of action [is] stated, [but]

no cause of action exists.") "[U]pon allegations of fraudulent joinder designed to prevent

removal, federal courts may look beyond the pleadings to determine if the joinder, although fair

on its face, is a sham or fraudulent device to prevent removal." *Id.*  at 881-82 (citing *Wilson v.

Republic Iron & Steel Co.,* 257 U.S. 92).  A court must find fraudulent joinder if the non-liability

of the joined party is "established with complete certainty upon undisputed evidence." *Smoot v.

Chicago, R.I. & P.R. Co.,* 378 F.2d at 882. "This does not mean that the federal court will pre-

try, as a matter of course, doubtful issues of fact to determine removability; the issue must be

capable of summary determination and be proven with complete certainty." *Id.*   (internal

quotations omitted).  "A Plaintiff states a viable claim against a non-diverse defendant if there is

some 'factual fit between Plaintiff's allegations and the pleaded theory of recovery.'" *St. Martin,*

*et al. v. Wyeth, Inc., et al.,* 2003 U.S. Dist. LEXIS 26211, *8 (D.N.M. 2003)(Parker, J.)(quoting

*Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999)).

### A. Allstate's Notice of Removal and Affidavits Attached Thereto Prove that Mr. Cornejo was Fraudulently Joined.

In this case, there is no factual fit between Plaintiffs' allegations and their pleaded

theories of recovery.  In an attempt to divert the Court's attention away from their inability to

create the necessary factual fit, Plaintiffs conveniently overlook the key facts established in Mr.

Cornejo's affidavit: (i) that "[he is] responsible for overseeing the adjustment of claims handled

in the Albuquerque M[arket] C[laims] O[ffice]";  and (ii) that the Plaintiffs' claim they made

under their policy "is not, and has never been, assigned to the Albuquerque M[arket] C[laims]

O[ffice] for adjustment."  Affidavit of Jose Cornejo ("Cornejo Aff."), attached as Exhibit D to

Defendants' Notice of Removal.  Despite failing to contest Cornejo's statements with admissible

evidence, Plaintiffs attempt to argue, again, without admissible evidence, that Mr. Cornejo

should be held liable for the adjustment of their claim.  It is clear from Mr. Cornejo's affidavit,

however, that he has no responsibility for the adjustment of Plaintiffs' claim.

Plaintiffs try to stretch Mr. Cornejo's clearly stated responsibilities by alleging, without

admissible evidence in support, that Mr. Cornejo is responsible for the following: (i) all SIU

referral goals and SIU claim handling investigation practices, procedures and protocols used by

Allstate employees handling all New Mexico AIC homeowner claims arising under AIC

homeowner policies issued in New Mexico; (ii) ensuring that Allstate employees handling AIC

homeowner claims arising under New Mexico AIC homeowner policies comply with the

requirements set forth in the New Mexico UCPA; (iii) all claim handling activities, functions or

actions performed by Allstate employees while handling any New Mexico AIC homeowner

claim arising under an AIC homeowner policy issued in New Mexico which violate the UCPA or

the ITPFA; (iv) implementing SIU protocols and referral goals which created incentives for the

Allstate claims employees to deny, delay and minimize legitimate New Mexico homeowner

claims such as Plaintiffs'; and (v) ensuring that all adjusters handling New Mexico homeowner

claims meet the referral goals.  *See* Motion to Remand at 2-3.  Despite Plaintiffs' argument, Mr.

Cornejo's affidavit disputes these claims.  Specifically, Mr. Cornejo's affidavit makes clear that

he had no involvement in the adjustment of Plaintiffs' claim.  Thus, the mere fact that Plaintiffs'

claim is a New Mexico claim or based on a New Mexico policy is insignificant.  Mr. Cornejo's

affidavit states that his responsibility is to oversee the adjustment of claims handled in the

*Albuquerque* Market Claims Office.  *See* Cornejo Aff.  It is undisputed that the Plaintiffs' claim

was adjusted entirely out of Mesa, Arizona.  *See* Cornejo Aff., Affidavit of David Cortez

("Cortez Aff.) attached as Exhibit E to Allstate's Notice of Removal.  Thus, Mr. Cornejo's role

as a Market Claims Manager for the Albuquerque Market Claims Office is wholly irrelevant to

this case regardless of whether the Plaintiffs' claim arose from an occurrence in New Mexico,

whether the policy was issued in New Mexico, or whether the claim had any other connection to

New Mexico.  It is clear from Mr. Cornejo's affidavit that he is not responsible for all New

Mexico claims, but rather only for those claims adjusted in the Albuquerque Office.  In fact, the

affidavit of David Cortez makes clear that since the date of the initial intake of Plaintiffs' claim,

Plaintiffs' claim has been assigned for claim handling out of the Allstate Tempe Central Property

Office in Arizona.  *See* Cortez Aff.

Additionally, as is made clear by Mr. Cornejo's statement of his responsibilities, he did

not have the supervisory power over the adjusters adjusting homeowner claims outside of the

Albuquerque office.  His "supervisory span" regarding homeowner policies was limited to those

adjusters in the Albuquerque office.  Thus, Plaintiffs allegations that Mr. Cornejo supervised the

adjusters who adjusted the Plaintiffs' claim is simply untrue.  It is additionally untrue that Mr. Cornejo had any involvement in ensuring that the adjusters of Plaintiffs' claim complied with any rules or regulations, or that Mr. Cornejo implemented any SIU referral goals for those adjusters.  As is indicated in his affidavit, his responsibility was to oversee the adjustment of claims in the Albuquerque Office.  Thus, Plaintiffs' attempt to <u>create</u> responsibilities for Mr. Cornejo to avoid jurisdiction is insufficient to overcome the truth: the adjustment of Plaintiffs' claim was not in any way the responsibility of Mr. Cornejo.  In this case there are no legal or factual doubts.  Mr. Cornejo oversaw the adjustment of claims in the Albuquerque Market Office.  Plaintiffs' homeowner claim was adjusted in Arizona.  Mr. Cornejo had no supervisory power over the adjustment of Plaintiffs' homeowner claim.  The facts are clear.  Furthermore, there is no legal principle, under the circumstances, that allows a cause of action to be brought against an individual based merely on their status as an employee of a defendant who is a proper party.  Thus, there is no need for the Court to engage in any legal analysis.  The Court, therefore, should determine that Mr. Cornejo was fraudulently joined and exercise its jurisdiction over this case.

Furthermore, it should be noted that although Plaintiffs filed a Motion to Remand, they did not tender any summary judgment type (or other) evidence to either refute Mr. Cornejo or Mr. Cortez's affidavit or to support any of their allegations.  In determining diversity, "the mere assertion of metaphysical doubt as to the material facts i[s] insufficient to create an issue if there is no basis for those facts." *Badon v. R J R Nabisco, Inc*., 224 F.3d 382, 393 (5th Cir. 2000)(internal quotations omitted). In determining whether a defendant was fraudulently joined, all factual controversies should be resolved in favor of the nonmoving party "but *only* when there is an actual controversy, that is, when *both* parties have submitted *evidence* of contradictory

facts. *[A court should] not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis added).  In fact, the District of New Mexico has stated that a "plaintiffs failure to respond to an affidavit by a non-diverse defendant can support a [fin]ding that there is no reasonable basis in fact for pursuing a lawsuit against the non-diverse defendant." *St. Martin, et al. v. Wyeth, Inc.,  et al.,* 2003 U.S. Dist. LEXIS 26211, *9-10. Additionally, other federal courts have found fraudulent joinder when plaintiffs fail to adequately contest evidence that the non-diverse defendant was improperly joined.  *See e.g., Badon v. RJR Nabisco Inc.,* 224 F.3d at 393 (court considered non-diverse defendant's affidavit in light of the plaintiffs lack of evidence); *Anderson v. Am. Home Prods. (In re Diet Drugs Prods. Liab. Litig.),* 220 F. Supp.2d 414, 422 (E.D. Pa. 2002)(non-diverse doctors were fraudulently joined as to some plaintiffs when it was undisputed that they did not treat those plaintiffs); *Miller v. Home Depot, U.S.A., Inc.,* 199 F. Supp.2d 502, 508 (W.D. La. 2001)(fraudulent joinder found when plaintiff did not contest evidence that non-diverse defendant did not sell or make chemically treated wood acquired by named plaintiffs); *James v. Chase Manhattan Bank,* 173 F. Supp.2d 544, 552 (N.D. Miss. 2001)(fraudulent joinder found when plaintiff failed to contradict non-diverse defendant's evidence and complaint did not contain factual allegations showing a basis for recovery); *In re Rezulin Products Liability Litigation,* 133 F. Supp.2d 272, 281 (S.D. N.Y. 2001)(fraudulent joinder found when plaintiff failed to respond to sales representative's affidavit).  "Mere conclusory allegations . . . are insufficient to deprive diverse defendants of a federal forum." *Addison v. Allstate Ins. Co.*, 58 F. Supp.2d 729, 732 (S.D. Miss. 1999). Thus, because Plaintiffs failed to produce any evidence to contest Mr. Cornejo or Mr. Cortez's affidavits or to support their allegations that Mr. Cornejo was responsible for the adjustment of Plaintiffs' claim, and

only makes conclusory allegations of Mr. Cornejo's liability, the Court should determine that Mr. Cornejo was fraudulently joined.

> **B. Even if the Court Determines that Allstate's Notice of Removal and Accompanying Affidavits are Insufficient to Establish Fraudulent Joinder, Fraudulent Joinder May Be Established by Mr. Cornejo's Second Affidavit Attached to Allstate's Response.**

Allstate submits that fraudulent joinder can be determined from its Notice of Removal as well as the affidavits attached thereto. Even if, however, the Court determines that Allstate's Notice of Removal and attached affidavits are insufficient, fraudulent joinder should be found based on the additional affidavit of Mr. Cornejo attached hereto as Exhibit A. This affidavit serves to clarify the claims Allstate made in its notice of removal and to further demonstrate that Mr. Cornejo had no involvement in the adjustment of Plaintiffs' claim. *See Griggs v. State Farm Lloyds,* 181 F.3d at 699-702 (holding that courts may examine post-removal affidavits to the extent that they clarify or amplify claims alleged in notice of removal). *See also Willingham v. Morgan,* 395 U.S. 402, 408 n.3 (1969)(upholding removal when requisite jurisdictional facts were found in subsequently filed affidavits rather than in the notice of removal). Mr. Cornejo's original affidavit made clear that he had no involvement in the adjustment of the Plaintiffs' claim. The Plaintiffs argue, however, that because Mr. Cornejo's affidavit did not specifically dispute or deny each of the responsibilities it believed Mr. Cornejo to have that related to the adjustment of their claims, his affidavit was insufficient to prove fraudulent joinder. *See* Motion to Remand at 3. While Mr. Cornejo's original affidavit is sufficient for this purpose, Allstate now attaches an affidavit that specifically clarifies Mr. Cornejo's previous statements indicating that he did not have any responsibilities in regard to the Plaintiffs' claim. In his affidavit, Mr. Cornejo specifically states, as the Plaintiffs believe is necessary, that he did not have responsibility for any of the actions that the Plaintiffs allege in their Complaint. *See* Exhibit 1.

7

Mr. Cornejo's Second affidavit makes clear that not only did he have any control over Plaintiffs' claim or supervise any employee who had control over the claim, the affidavit also refutes Plaintiffs' unsupported assertion that Mr. Cornejo is responsible for Allstate's practices and policies concerning the adjustment of New Mexico homeowners claims. *See* Exhibit 1 at ¶ 4. Similarly, Mr. Cornejo's affidavit conclusively establishes that he is not responsible for any Special Investigations Unit activity involving homeowners claims. *Id* at ¶¶ 5-7.

Accordingly, because Plaintiffs have no claims against Mr. Cornejo, the act of naming him as a defendant in this litigation constitutes fraudulent joinder and removal of this action to this Court was proper. *See Miami Pipe Line Co. v. Panhandle Eastern Pipe Line Co.*, 384 F.2d 21, 27 (10th Cir. 1967) (because it was clear that plaintiff could not recover a judgment against a non-diverse defendant, joinder of that defendant was fraudulent and did not defeat removal jurisdiction); *Montanez v. Solstar Corp.*, 46 F. Supp.2d 101, 103 (D.P.R. 1999) (denying remand where plaintiffs established no cause of action against resident defendant who was, therefore, fraudulently joined); *Coughlin v. Nationwide Mutual Ins. Co.*, 776 F. Supp. 626, 628 (D. Mass. 1991) ("Fraudulent joinder exists when the complaint in effect at the time of removal states no claim against the non-diverse defendant"). Joinder will be considered fraudulent when it is established "'that there can be no recovery [against the defendant] under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard.'" *Nosonowitz v. Alleghany Beverage Corp.*, 463 F.Supp. 162, 163 (S.D.N.Y. 1978), (quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir.1962)).

### C. Plaintiffs' Citations to *Martinez* and *Allen* Do Not Support Mr. Cornejo's Liability for the Arizona Adjusters' Alleged Violations of the UCPA.

Plaintiffs citation to *Martinez v. Cornejo* and *Allen v. Allstate* in support of their contention that Mr. Cornejo can be liable for the Arizona adjusters' alleged violations of the

8

UPCA is misleading.  Plaintiffs claim that the situations in these two cases are "identical" or "nearly identical" to the case at bar.  This is simply not true. What Plaintiffs fail to mention is that neither of those cases involved a homeowner claim or an out of state adjustment of claims which are the key issue before the Court in the case at bar. Thus, neither case, in any way, stands for the principle that a Market Claims Manager in Albuquerque can be held liable for the adjustment of a claim made out of state over which he had no supervisory control.  In fact, Plaintiffs cite no case law suggesting that such a claim is proper.

In *Martinez* the Court determined that a manager of a group of insurance adjusters could be held personally liable for violations of the TPFA.  *See Martinez et al. v. Cornejo,* 2009-NMCA-11, ¶1, 2008 N.M. App. LEXIS 146, *1, 208 P.3d 443, 445.  Importantly, however, the manager held liable in that case was the direct manager of the adjusters who adjusted the claims sued upon.  There was no issue in *Martinez* regarding an out of state claim adjustment or whether an out of state manager, who had no responsibility for the claim, could be held liable for the actions of the New Mexico claim adjusters.  Furthermore, the claims in *Martinez* were claims alleged by individuals who were injured by an Allstate insured and were not claims under homeowner policies.  While it is clear from the Court of Appeals' holding that, under the circumstances of that case, a manager of adjusters located in New Mexico who adjusted New Mexico claims can be personally liable for violations of the TPFA, it is equally clear that the Court of Appeals did not hold that a manager can be held liable for a claim adjustment made by out of state adjusters over which he has no supervisory control.

Plaintiffs also attempt to draw an improper parallel to Judge Browning's holding in *Allen v. Allstate Insurance Company, et al*.  In *Allen* the Court determined that the claim representative who worked in the office where the relevant claim was adjusted, and had actually communicated

9

with the Plaintiff, was not fraudulently joined because the legal issues alleged by the Plaintiff were too complicated to determine summarily.  *See Allen v. Allstate, et al.,* 2008 U.S. Dist. LEXIS 10894, *19 (D.N.M. October 31, 2008)(Browning, J.).  Allen's claim was not a homeowner claim, nor did her case present any issues involving out of state claim adjustment. Furthermore, there are no such legal issues in this case that would preclude the Court from finding fraudulent joinder.  Thus, neither *Martinez* nor *Allen* in any way support that Mr. Cornejo can be held liable for the alleged UCPA violations of the adjusters in Mesa, Arizona that adjusted Plaintiffs' claim.

**II.     Allstate Has Met its Burden Under *McPhail* and Plaintiffs Have Failed to Show to a Legal Certainty that Less than $75,000 is in Controversy.**

Plaintiffs ignore recent Tenth Circuit precedent under which Allstate's Notice of Removal is plainly sufficient.  In June of 2008, the Tenth Circuit clarified the burden that must be met by a proponent of removal.  *See McPhail v. Deere & Company et al.,* 529 F.3d 947, 953-55 (10th Cir. 2008).[1]  Specifically, the Court stated that "'[w]hat the proponent of jurisdiction must 'prove' is *contested factual assertions* . . . . [j]urisdiction itself is a legal conclusion, a consequence of facts rather than a provable 'fact.'"  *Id.* at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-41 (7th Cir. 2006))(emphasis added).  The Court further explained that where the face of the complaint is silent as to the amount of the plaintiffs' damages, such jurisdictional facts must be proven by a "preponderance of the evidence." *McPhail,* 529 F.3d at 954.  In applying this rule to a situation in which the face of the complaint was silent as to the amount in controversy, the Tenth Circuit approved the solution offered by the Seventh Circuit in *Meridian Security,* stating:

---

[1] Plaintiffs fail to discuss, or even cite, *McPhail,* although it is unquestionably the latest governing precedent of the Tenth Circuit on the amount in controversy issue presented by the Motion to Remand.

the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover.  We have suggested several ways in which this may be done--by contentions, interrogatories or admissions in state court; <u>by calculation from the complaint's allegations</u>[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.  The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant).

*McPhail,* 529 F.3d at 954 (quoting *Meridian Security,* 441 F.3d at 541-42)(emphasis added).

Once an estimate of what the Plaintiff stands to recover has been made by the proponent of

removal '"and contested factual allegations that support the estimate have been established in a

hearing under Rule 12(b)(1) by admissible evidence . . . then  . . . the case stays in federal court

unless it is legally certain that the controversy is worth less than the jurisdictional minimum.'"

*McPhail,* 529 F.3d at 954 *(quoting Meridian Security,* 441 F.3d at 541-42).

Allstate has complied with the requirements of *McPhail.  McPhail* approves the process

of "calculation from the complaint's allegations."   529 F.3d at 954.  As indicated in Allstate's

Notice of Removal, the Complaint alleges that Plaintiffs seek at least four categories of damages:

(1) compensation for "pecuniary losses" apparently consisting of various items of personal

property allegedly stolen which Plaintiffs value at $21, 164.95 (Complaint at ¶¶ 62, 70, 79, 80);

(2) compensation for unspecified non-pecuniary losses" (Complaint at  ¶¶ 70, 79, 80); (3)

punitive damages (Complaint ¶¶ 71, 81, 87); and (4) attorneys' fees in this litigation (Complaint

at ¶ 85).  The Complaint "presents a combination of facts and theories of recovery that . . .

support[s] a claim in excess of $75,000" and thus "can support removal." *McPhail,* 529 F.3d at

955 (citing *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999)(upholding removal

based on a complaint seeking recovery in tort for alleged damages for property, travel expenses,

an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and the plaintiff's temporary inability to do housework after the hospitalization).  Allstate has made such a calculation from the allegations in the Complaint and determined that the amount in controversy is greater than $75,000.  In light of these principles, Allstate has met its burden under *McPhail* and Plaintiffs have failed to prove to a legal certainty that the amount in controversy does not exceed the jurisdictional requisite.

Allstate submits that the Notice of Removal is sufficient in itself to defeat remand. However, in the alternative, if the Court entertains any doubt, under *McPhail* the Court should hold a 12(b)(1) hearing.  *McPhail* held that when an estimate of what the Plaintiff stands to recover has been made by the proponent of removal "'and <u>contested factual allegations that</u> <u>support the estimate</u> have been established in a hearing under Rule 12(b)(1) by admissible evidence . . . then  . . . the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.'"  529 F.3d at 954 *(quoting Meridian Security*, 441 F.3d at 541-42) (emphasis added.)  *McPhail* also held:

> a proponent of federal jurisdiction must, <u>if material factual allegations are</u>
> <u>contested, prove those jurisdictional facts by a preponderance of the evidence</u>.
> Once the facts have been established, uncertainty about whether the plaintiff can
> prove its substantive claim, and whether damages (if the plaintiff prevails on the
> merits) will exceed the threshold, does not justify dismissal.  Only if it is "legally
> certain" that the recovery (from plaintiff's perspective) or cost of complying with
> the judgment (from defendant's) will be less than the jurisdictional floor may the
> case be dismissed.

*Id.* at 955 (internal quotations omitted) (emphasis added).   Here, Plaintiffs offer no proof contrary to the estimate of damages Allstate made from the face of the Complaint. Rather, Plaintiffs content themselves with stating that "Plaintiffs have judicially stipulated that the total amount in controversy, including all damages, punitive damages, costs and attorney fees, do not exceed $75,000." Complaint at 10.   Notably absent from the Motion to Remand is any evidence

that can prove to a legal certainty that less than $75,000 is in controversy.  Such an informal

stipulation is clearly insufficient to establish that the amount in controversy is less than $75,000.

*See Oklahoma Farm Bureau Mutual Ins. Co. v. JSSJ Corporation, et al.,* 149 Fed. Appx. 775,

778 (10th Cir. 2005)(finding that an attempt to formally stipulate to the amount in controversy in

a brief in support of a motion to remand is an inadequate method of establishing the amount in

controversy); *Edwards-Flynn v. Yara, et al.,* 2009 U.S. Dist. LEXIS 47151, *10-11  (D.N.M.

2009)(Browning, J.).  Additionally, the Tenth Circuit has instructed that "[t]he court's obligation

to determine the presence of the appropriate amount in controversy is independent of the parties'

stipulations."  *Huffman, et al. v. Saul holdings Ltd. P'shp,* 194 F.3d 1072, 1079, n.4 (10th Cir.

1999).  Thus, regardless of Plaintiffs' attempt to avoid removal with an informal stipulation, it is

ultimately the Court's obligation to determine whether the jurisdictional amount necessary for

jurisdiction exists.

Even in the unlikely event that the Court were to view Plaintiffs' informal stipulation in

their Motion to Remand as actually "contesting" the jurisdictional amount, it is clear under

*McPhail* that a Rule 12(b)(1) hearing should then be scheduled.  At that hearing, under *McPhail,*

Allstate would be permitted to further "establish" the allegation of the jurisdictional amount, and

Plaintiffs, if they wish, could offer evidence that the amount in controversy does not exceed

$75,000.  *McPhail* held that "beyond the complaint itself, other documentation can provide the

basis for determining the amount in controversy--either interrogatories obtained in state court

before removal was filed, or affidavits or other evidence submitted in federal court afterward."

529 F.3d at 956.  *See also Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (5th Cir.

1997) (stating that if the district court determines it is not facially apparent from the complaint

that the jurisdictional amount is in controversy, "the court may consider facts in the removal

petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.") (internal quotations omitted).

Further in the alternative, under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *Id.* District courts may consider jurisdictional facts contained in subsequently filed affidavits as amendments to the removal notice under 28 U.S.C. § 1653 provided that the supplemental affidavits clarify or correct technical deficiencies in the allegations stated in the original notice of removal. *See, e.g., Willingham v. Morgan,* 395 U.S. 402, 408 n.3 (1969)(upholding removal when requisite jurisdictional facts were found in subsequently filed affidavits rather than in the notice of removal); *USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 204-205 (3d Cir. 2003)(district and appellate courts may remedy inadequate jurisdictional allegations but not jurisdictional facts); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.1 (9th Cir. 2002)(finding that the district court did not err in construing affidavit stating facts supporting amount in controversy as amendment to notice under 28 U.S.C. § 1653).

In short, Allstate submits that the requisite showing of the amount in controversy has already been made. If the Court disagrees, however, Allstate requests a 12(b)(1) hearing under *McPhail* or permission to provide further affidavits under 28 U.S.C. § 1653.

**CONCLUSION**

Allstate has satisfied its burden of demonstrating that it is beyond question that Plaintiffs cannot recover for their claims against Mr. Cornejo. It is clear that Plaintiffs do not have a good faith basis to assert a claim against Mr. Cornejo and thus that he was fraudulently joined. Additionally, Allstate has satisfied its burden under *McPhail* in establishing that the amount in controversy is greater than $75,000, while Plaintiffs have failed to prove to a legal certainty that

less than the jurisdictional amount is in controversy.  Furthermore, even if the Court determines that Allstate has not met its burden, the Court should, pursuant to the Tenth Circuit's direction in *McPhail*, hold a Rule 12(b)(1) hearing to provide Allstate the opportunity to establish the allegation of the jurisdictional amount or permit Allstate the opportunity to amend its Notice of Removal pursuant to 28 U.S.C. 1653.  Accordingly, Plaintiff's Motion to Remand is wholly without merit and should be denied.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Jennifer A. Noya*
  Lisa Mann
  Jennifer A. Noya
  Tiffany L. Roach
  Attorneys for Defendants
  Post Office Box 2168
  Bank of America Centre, Suite 900
  500 Fourth Street, N.W.
  Albuquerque, New Mexico 87103-2168
  Telephone: (505) 848-1800

WE HEREBY CERTIFY that on this 9th day of November, 2009, we filed the foregoing electronically through the CM/ECF system, which caused the parties and counsel of record to be served by electronic mean, as per the Notice of Electronic Filing:

MODRALL, SPERLING, ROEHL, HARRIS
 & SISK, P.A.

By: */s/ Jennifer A. Noya*
 Jennifer A. Noya

*W1080626.DOCX*

15